**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

ARMANDO TORRES ALVAREZ,

Petitioner,

v.

MARKWAYNE MULLIN, Secretary, Department of Homeland Security; TODD BLANCHE, Attorney General, Department of Justice; TODD M. LYONS, Acting Director, Immigration and Customs Enforcement; JESUS ROCHA, Acting Field Office Director, San Diego Field Office; CHRISTOPHER LAROSE, Warden, Otay Mesa Detention Center,

Respondents.

Case No.: 3:26-cv-04318-BTM-GC

**ORDER GRANTING IN PART AND DENYING IN PART AMENDED PETITION FOR WRIT OF HABEAS CORPUS**

**[ECF NO. 7]**

Pending before the Court is Armando Torres Alvarez's amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 7 ("Am. Pet.").) For the reasons stated below, the Court GRANTS IN PART and DENIES IN PART the petition and orders Torres Alvarez's immediate release from custody.

//

## I. BACKGROUND

Torres Alvarez is a citizen of Mexico. (Am. Pet., 2.) In 2024, he entered the United States on a valid work visa. (*Id.*) He applied for political asylum and had an interview appointment with U.S. Citizenship and Immigration Services ("USCIS") set for December 23, 2026. (*Id.*, 2–3.) He applied for and received a work permit. (*Id.*, 3.) Torres Alvarez also applied for and received both a valid driver's license and a social security card. (*Id.*)

On January 13, 2026, Torres Alvarez was driving to the airport in Buffalo, New York when he was pulled over by officers in unmarked vehicles. (*Id.*) Despite providing his driver's license and social security card, the officers detained him and brought him to a detention facility in New York. (*Id.*) Later, Torres Alvarez was transferred to Otay Mesa Detention Center, where he is currently detained. (*Id.*)

On May 28, 2026, Torres Alvarez was ordered removed by an immigration judge ("IJ"). (*Id.*) He submitted an appeal to the Board of Immigration Appeals ("BIA") where it remains pending. (*Id.*, 4–5.)

## II. DISCUSSION

Torres Alvarez makes two claims. First, he argues that the Respondents violated the Due Process Clause of the Fifth Amendment by revoking his parole without notice and an opportunity to be heard. (*Id.*, 4–9.) Second, he argues that he was detained without an administrative warrant. (*Id.*, 9–13.) Torres Alvarez requests that the Court grant him release on either claim, or in the alternative, order a bond hearing. (*Id.*, 13–14.) The Respondents do not dispute that Torres Alvarez is subject to detention under 8 U.S.C. § 1226(a). (ECF No. 9 ("Return"), 1.) The Respondents also acknowledge that Torres Alvarez was previously released from custody on conditional parole under § 1226(a). (*Id.*, 1–2.) The Respondents only oppose Torres Alvarez's request for immediate release because of an alleged lack of an administrative warrant. (*Id.*, 2.) The Court addresses each argument in turn.

//

//

Under the Immigration and Nationality Act, an applicant for admission into the country may be "released on their own recognizance," which typically refers to conditional parole under 8 U.S.C. § 1226(a). *See Wang v. LaRose*, No. 26-cv-01130, 2026 WL 773085, at *1 (S.D. Cal. Mar. 18, 2026); *see also Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1116 (9th Cir. 2007). An applicant given conditional parole may be "subject to certain conditions such as reporting requirements." *J.S.H.M. v. Wofford*, No. 25-cv-01309, 2025 WL 2938808, at *6 (E.D. Cal. Oct. 16, 2025).

The Fifth Amendment entitles noncitizens[1] "to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993). Once a noncitizen "passe[s] through our gates," he may be removed "only after proceedings conforming to traditional standards of fairness encompassed in due process of law." *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 212 (1953). Due Process also "protects noncitizens from unlawful detention during their removal proceedings." *Esquivel Pacheco v. LaRose*, 818 F. Supp. 3d 1168, 1179 (S.D. Cal. 2026) (citing *Zadvydas v. Davis*, 533 U.S. 678, 690) (2001)). Here, Torres Alvarez challenges the revocation of his parole and his current detention as contrary to his due process rights.

To determine the "specific dictates of due process" in this situation, the Court must consider three factors:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirements would entail.

*Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). The Court adopts the reasoning in the decisions *Noori v. LaRose*, 807 F. Supp. 3d 1146 (S.D. Cal. 2025) and *Esquivel Pacheco* and applies it here.

---

[1] This order uses the term "noncitizen" as equivalent to the statutory term "alien." 8 U.S.C. §§ 1101(a)(3); *see Barton v. Barr*, 590 U.S. 222, 226 n.2 (2020).

First, Torres Alvarez acquired a protectable interest in being free from imprisonment once he was paroled into the country. By exercising discretion to grant Torres Alvarez parole, the Respondents made "at least an implicit promise that parole will be revoked only if [Torres Alvarez] fails to live up to the parole conditions." *Morrisey v. Brewer*, 408 U.S. 471, 482 (1972). Torres Alvarez relied on that promise. This created a "protectable expectation of his due process rights in his removal proceedings and the fair procedures this country guarantees." *Noori*, 807 F. Supp. 3d at 1165. That expectation of due process extends to his parole revocation.

Second, the Respondents' process of revoking Torres Alvarez's parole created a substantial risk that his liberty interest would be erroneously deprived. He was given no prior notice that he would be placed under arrest. He was provided no paperwork or explanation for the arrest. The record contains no indication that the Respondents arrested Torres Alvarez because he failed to report as ordered or had become a danger or flight risk that needed to be detained. Rather, it appears the Respondents "breached the 'implicit promise' made to Torres Alvarez that he would enjoy his liberty as long as he did nothing to forfeit it." *Esquivel Pacheco*, 818 F. Supp. 3d at 1180.

Third, the Respondents have not demonstrated a significant interest that justifies maintaining Torres Alvarez's current detention. The Court acknowledges that sending a notice to appear or holding a predeprivation hearing "poses some degree of 'fiscal and administrative burden.'" *Esquivel Pacheco*, 818 F. Supp. 3d at 1180 (quoting *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1209 (9th Cir. 2022)). Yet that burden must be balanced against Torres Alvarez's liberty interest and the procedural protections afforded that interest. Taken together, Torres Alvarez's interest outweighs the Respondents'.

Torres Alvarez entered the country on parole and was ordered to adhere to the conditions of that parole. The Respondents violated Torres Alvarez's due process rights by "detaining [him] without justification." *Mohammed H. v. Trump*, 786 F. Supp. 3d 1149, 1158 (D. Minn. 2025). The Respondents do not allege that Torres Alvarez is a danger to the community or a flight risk or that he violated the conditions of his parole. The writ

must issue to immediately release him from custody subject to the preexisting conditions of his parole. If the Respondents seek to re-detain Torres Alvarez, they must do so according to proper procedures. The petition is granted on the first claim.

The Court grants relief on Torres Alvarez's first claim and need not reach his argument that he was arrested without a warrant. Furthermore, there is a factual dispute as to whether a valid warrant was served. His second claim is therefore denied.

## III. CONCLUSION

The petition for a writ of habeas corpus is **GRANTED** on Torres Alvarez's first claim and the writ is **ISSUED**. The Respondents shall immediately release Torres Alvarez from custody, subject to his preexisting conditions and without prejudice to the Respondents proceeding properly if the need to re-detain arises. The Respondents are ordered to provide Torres Alvarez with any reporting requirements. The second claim is **DENIED** without prejudice. The parties shall file a statement as to the satisfaction of the writ by September 10, 2026 at 5 p.m. The Court retains jurisdiction to enforce the writ.

**IT IS SO ORDERED.**

Dated: September 9, 2026

Barry Ted Moskowitz

Honorable Barry Ted Moskowitz
United States District Judge